Fiíeeman., J.,
delivered tlie opinion, of the court:
This is a bill filed by .assignees of two notes given for purchase money of lands, to enforce a vendor’s lien retained in the face of the deed in these words: “A lien is retained on the land until the purchase money is paid to the said James JEt. Beatty,” who was the original vendor.
Only two questions are presented for decision in the case:
First. — Does this lien pass by assignment of the notes to the assignee, with all the rights of the assignor against, the land?
To this question we answer it does, for the following reasons: It is a principle hardly fairly admitting of an exception that the transfer of a debt carries with it all the *295 securities taken for the payment of said debt that are the result of a contract for' such security. See Graham v. McCampbell, Meigs R., 55, 56, top p. C. Ed. and cases cited. In this and the cases cited, as well as in all cases of retention of the legal title as security for the purchase money, it has been uniformly held the lien passes, to the assignee of the note given for the purchase money by the vendee. What can be the difference in principle between a security thus retained and one of a slightly different character only, but practically amounting to the same thing in substance, to wit, a lien expressly retained on the face of the deed? We confess we are unable to sec any. Each in the hands of the vendor is a security retained by contract for payment of the price of the land. Each is a valuable adjunct to the debt, an element of its value, in fact giving the note a market value above and in addition to one in which the solvency of the maker alone is to be relied on. In this commercial age, when the policy of the law, based on the demands of a trading, enterprising people, is most favorable to the free circulation of such paper, it would be to go in the face of that policy to hold that such paper did not carry this element of value with it. Practically, it would be to deprive the owner of the right to realize this element of value in his note, if he could not transfer it, and if this right be conceded, then no reason can be given why it should not pass under the general principle stated, or why it should be made an exception. We have said in several cases, that while we adhered to the principle of the case of Green v. Demoss, 10 Hum., 374, that the implied lien of a vendor did not pass by transfer of the note to the assignee by virtue of the simple assignment or indorsement, yet the vendor might, by contract expressly transferring such lien, pass it as well as any other right or element adding value to the paper; that no rule of law of public policy forbade such an assignment. If such a lien as this, the implied one, may be transferred, surely one sustained by express contract may be, 'and *296 should pass as any other security, such as a mortgage, by transfer of the debt to which it is an incident, and for the security of which it is retained in the one case and given in the other. We are well satisfied with the correctness of this view, and that the chancellor correctly gave the benefit of the lien to the assignees in this case. We may add here that this lien gives the precise, same rights to sell the land in its enforcement, and in the same way to the as-signee as the vendor might, have done had he retained the note.
The other question presented is as to the right of the widow of the vendee to dower as against the assignee who is seeking by bill to enforce this lien. We have so often decided (following our own cases on the subject) that as against the vendor, her dower right was subordinate to the payment of the purchase money, that we do not deem it proper again to discuss the question. This being so, her rights are certainly no higher against the assignee-, who holds the same contract and stands in the same rights as we have laid down above.
As to the question suggested that she is to have the entire value of her dower in the surplus, and not be endowed of one-third of it, we have settled in a case unreported, indeed in several of them, that the latter is the rule, and see no cause to further review the question. The rule laid down in Williams v. Woods, 1 Hum., 414, that she was entitled to one-third of the surplus after paying the purchase money for life as dower, has been uniformly followed, and we feel no- disposition to- disturb it. The result is that the decree of the chancellor in both the original and cross bill is affirmed.
The clerk of this court will sell the land unless purchase money is paid in ninety days from this date. Costs of the original bill will be paid out of the fund, costs of the cross bill by the complainant in the same.